UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
DEBRA ANN DAVIS,

        *Plaintiff*,                                           **MEMORANDUM AND ORDER**
                                                                                 18-CV-1109 (RRM)

        - against -

NANCY A. BERRYHILL
Acting Commissioner of Social Security,

        *Defendant*.
-------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

       Pursuant to 42 U.S.C. § 405(g), plaintiff Debra Ann Davis appeals the final decision of defendant Commissioner of Social Security, which found that plaintiff was not eligible for disability insurance benefits under Title II of the Social Security Act (the "Act") on the basis that plaintiff is not disabled within the meaning of the Act. Plaintiff alleges that she is disabled under the Act and is thus entitled to receive the aforementioned benefits.

       Presently before the Court are plaintiff's motion for judgment on the pleadings and defendant's cross-motion for judgment on the pleadings. The Court cannot provide a meaningful review of the decision because the ALJ erred in not providing a function-by-function analysis in formulating plaintiff's Residual Functional Capacity ("RFC"). Therefore, defendant's motion is DENIED, plaintiff's motion is GRANTED, and the case is remanded for further proceedings consistent with this Order.

## BACKGROUND

       On February 25, 2014, plaintiff Debra Ann Davis filed an application for disability insurance benefits alleging that she was disabled due to dermatomyositis, asthma, mitral valve prolapse, GERD, high cholesterol, allergies, anxiety attacks, and arthritis. (Complaint "Compl."

1

(Doc. No. 1) at 1; Administrative Transcript ("Tr.") (Doc. No. 22) at 154-155.) The alleged onset of her disability was February 12, 2014. (*Id.*)

On July 29, 2014, the SSA denied plaintiff's application for social security disability insurance benefits on the basis that she was not disabled. (Tr. at 91-93.) On August 1, 2014, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (*Id.* at 103-104.) On July 14, 2016, plaintiff appeared and testified before ALJ David Tobias. (*Id.* at 43-70.) At the time of the hearing, plaintiff was represented by attorney Brin Lupinski. (*Id.*) By a decision dated January 13, 2017, the ALJ determined that plaintiff was not disabled within the meaning of the Act and was therefore not entitled to benefits. (*Id.* at 22-42.)

On March 13, 2017, Plaintiff appealed the ALJ's decision to the Appeals Council. (Tr. at 152-153.) On December 28, 2017, the Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. (*Id.* at 1-7.) On February 21, 2018, plaintiff filed the instant action. (*See* Compl.) On May 21, 2017, the parties filed a joint stipulation of facts. The facts set forth therein are hereby incorporated in this decision by reference.

## STANDARD OF REVIEW

In reviewing the final determination of the Commissioner, the Court does not determine *de novo* whether the claimant is disabled. *See Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error." *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (quoting 42 U.S.C. § 405(g)). "'[S]ubstantial evidence' is 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*

2

*v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  Where the Commissioner makes a legal error, a "court cannot fulfill its statutory and constitutional duty to review the decision of the administrative agency by simply deferring to the factual findings of the ALJ."  *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984) (citation omitted).  An ALJ's failure to apply the correct legal standards is grounds for reversal.  *See id.*

## DISCUSSION

Using the five-step sequential process to determine whether a claimant is disabled, as mandated by 20 C.F.R. § 416.971, the ALJ determined at step one that plaintiff had not engaged in substantial gainful activity from her alleged onset date of February 12, 2014, through her date last insured of March 31, 2016.  (Tr. at 27.)

At step two, the ALJ found that plaintiff suffered from the severe impairments of dermatomyositis, bilateral AC joint arthritis, asthma, and obesity.  (Tr. at 27.)  The ALJ also found that plaintiff suffered from several non-severe impairments including:  mitral valve prolapse, GERD, high cholesterol, bipolar disorder, depressive disorder, and panic disorder.  (*Id.* at 27-30.)  Although the ALJ found that plaintiff's mental impairments were non-severe, he noted mild limitations in social functioning, concentration, persistence, and pace.  (*Id.* at 29.)

At step three, the ALJ determined that plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 of the regulations, 20 C.F.R. § 404.1520, after considering Listings 8.05, 1.02, 1.03, and 3.03. (Tr. at 30-31.)  The ALJ found that through the date last insured, plaintiff had been capable of performing "sedentary work" as defined in 20 C.F.R. §404.1567(a), except limited to tasks not involving concentrated exposure to respiratory irritants such as dust, fumes, odors, or smoke.  (*Id.* at 31.)

At step four, the ALJ concluded that plaintiff was unable to perform her past relevant work. (Tr. at 37.) At Step Five the ALJ concluded that plaintiff was capable of performing jobs that existed in significant numbers in the general economy. (*Id.* at 37-38.) Thus, the ALJ concluded that plaintiff was not disabled within the meaning of the Act, as defined in 20 C.F.R. §416.920(g). (*Tr.* at 38.)

The Court finds that the RFC set forth by the ALJ fails to provide a basis for review insofar as he failed to provide a function-by-function review, as mandated by SSR 96-8p in light of the fact that plaintiff had impairments in the use of her upper extremities. The RFC also fails to incorporate any mental limitations, despite the fact that the ALJ found that plaintiff had mild limitations in social functioning, concentration, persistence, and pace.

In assessing a claimant's RFC, the ALJ must "first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis . . . . Only after that may RFC be expressed in terms of the exertional levels of work, sedentary, light, [etc.]" Titles II & XVI: Assessing Residual Functional Capacity in Initial Claims, SSR 96-8P, 1996 WL 374184, at *1 (S.S.A. July 2, 1996) ("SSR 96-8P"). The ALJ is required to assess a claimant's ability "to perform each of seven strength demands: Sitting, standing, walking, lifting, carrying, pushing, and pulling. Each function must be considered separately . . . ." *Id.* at *5. The ALJ must also discuss the claimant's ability to perform these functions "in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record." *Id.* at *7; *see also Hilsdorf v. Comm'r of Soc. Sec.*, 724 F. Supp. 2d 330, 348–49 (E.D.N.Y. 2010).

"Before an ALJ classifies a claimant's RFC based on exertional levels of work (i.e., whether the claimant can perform sedentary, light, medium, heavy, or very heavy work), he 'must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis . . . .'" *Cichocki v. Astrue*, 729 F.3d 172, 176 (2d Cir. 2013) (quoting S.S.R. 96–8p, 1996 WL 374184, at *1 (1996)). However, remand is not necessary for failure to perform an "explicit function-by-function analysis" "[w]here an ALJ's analysis at Step Four regarding a claimant's functional limitations and restrictions affords an adequate basis for meaningful judicial review, applies the proper legal standards, and is supported by substantial evidence such that additional analysis would be unnecessary or superfluous . . . ." *Id.* at 177; *Welch v. Comm'r of Soc. Sec.*, No. 17-CV-6764 (JS), 2019 WL 4279269, at *2 (E.D.N.Y. Sept. 10, 2019).

Here, the ALJ has not set forth any findings with regard to plaintiff's limitations in the use of her upper extremities for lifting, carrying, pushing, pulling, or reaching. It is not disputed that plaintiff suffers from bilateral AC joint arthritis. The ALJ found this to be a "severe impairment." (Tr. at 27.) The ability to perform sedentary work requires that the individual be capable of lifting, carrying, pushing, and pulling up to 10 pounds and to be able to reach at least occasionally. *See* Titles II and XVI: Determining Capability to Do Other Work – The Medical-Vocational Rules of Appendix 2, SSR 83-10, 1983 WL 31251, at *5 (S.S.A. Jan. 1, 1983). No finding as to plaintiff's ability to lift, carry, push, pull up to 10 pounds, or to reach occasionally, was made.

"Remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Cichocki v. Astrue*, 729 F.3d

5

172, 177 (2d Cir. 2013).  Because the ALJ did not make any findings either implicitly or explicitly as to plaintiff's abilities to lift, carry, push, pull, or reach, despite the clear indication that she suffered from bilateral AC joint arthritis, the Court cannot determine whether the ALJ (1) assessed no such limitations, or (2) failed to assess whether such limitations were present. *See* SSR 96-8P, 1996 WL 374184, at *4 ("[A] failure to first make a function-by-function assessment of the individual's limitations or restrictions could result in the adjudicator overlooking some of an individual's limitations or restrictions."); *Welch v. Comm'r of Soc. Sec.*, No. 17-CV-6764 (JS), 2019 WL 4279269, at *3 (E.D.N.Y. Sept. 10, 2019).  The Court finds remand appropriate in this circumstance.

The ALJ also found that plaintiff had mild limitations in social functioning, concentration, persistence, and pace, but made no allowance for any mental limitations in his RFC.  Because the matter has been remanded for failure to comply with the requirements of SSR 96-8p, the ALJ is further directed to consider plaintiff's mental impairments in his RFC.

## CONCLUSION

The case is remanded for further proceedings.  Upon remand, the ALJ shall conduct a function-by-function analysis of plaintiff's capacity to perform tasks that could be affected by her bilateral AC joint arthritis.  The ALJ is further directed to consider plaintiff's mental impairments in his RFC.  The Clerk of Court is respectfully directed to enter judgment accordingly, to mail a copy of this Order and the judgment to the plaintiff at the address listed on the docket, to note the mailing on the docket, and to close the case.

SO ORDERED.

Dated: Brooklyn, New York  
       September 30, 2019

*Roslynn R. Mauskopf*  
_____  
ROSLYNN R. MAUSKOPF  
United States District Judge